# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Kennedy v. The Alden Coal Company, Appellant.

*Negligence—Master and servant—Defective rope.*

In an action to recover damages for the death of a son employed by defendant in a colliery, a judgment and verdict for plaintiff will be sustained where it appeared that the deceased was killed by the breaking of an iron rope attached to the cage in which the deceased was descending a shaft, and the evidence is conflicting as to the condition of the rope, and there is also evidence that the engineer was very deaf, which deafness was known to the defendant, and that the engineer mistook the signals.

Argued April 17, 1901. Appeal, No. 21, Jan. T., 1901, by defendant, from judgment of C. P. Luzerne Co., June T., 1898, No. 103, on verdict for plaintiff in case of John. Kennedy v. Alden Coal Company. McCOLLUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's son. Before LYNCH, P. J.

At the trial it appeared that on December 24, 1897, Thomas Kennedy, son of the plaintiff, was killed by the fall of a cage in a shaft in defendant's colliery. The evidence for the plaintiff, although contradicted, tended to show that the iron rope attached to the cage was in bad condition, and there was also evidence that the engineer who had charge of the shaft was very deaf, and had mistaken the signal, and that his deafness was known to the defendant.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*William S. McLean,* with him *George R. McLean* and *William R. Gibbons,* for appellant.

*John T. Lenahan* and *W. H. Hines,* for appellee.

PER CURIAM, June 4, 1901 :

We do not discover any material error in any of the rulings of the court, and we do not find in the testimony any warrant for an instruction to the jury to render a verdict for the defendant. The case was clearly for the determination of the jury upon the evidence, and there was nothing in the charge of the court which would justify the setting aside of the verdict or of the judgment entered thereon. The assignments are, therefore, dismissed and the judgment is affirmed.